**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812** |

April 6, 2017

LETTER TO COUNSEL

   RE: *Developers Surety and Indemnity Company v. Lester J. Belcher, Jr., et al.;*
      Civil Case No. SAG-16-1124

Dear Counsel:

  This Court has reviewed Defendant Edward A. Brown's ("Defendant's") Motion to Quash Subpoena, Plaintiff Developers Surety and Indemnity Company's ("Developers'") Opposition, and Defendant's Reply. [ECF Nos. 33, 34, 35]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth herein, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART.**

  On March 7, 2017, I granted Developers' Motion for Summary Judgment and an accompanying Order effectuating the same.[1] [ECF No. 31, 32]. Where judgment is entered by a separate document, Federal Rule of Civil Procedure 58(c)(2) defines "time of entry" as "when the judgment is entered in the civil docket under Rule 79(a) *and* … (A) it is set out in a separate document[.]" Fed. R. Civ. P. 58(c)(2) (emphasis added). Here, the Memorandum Opinion entered the civil docket on March 7, 2016, but the Order did not enter the civil docket until March 8, 2017. Consequently, pursuant to Rule 58, judgment in this matter entered on March 8, 2017. Following the entry of judgment, Developers issued a subpoena on March 21, 2017 for the purpose of "obtain[ing] information concerning sources available for Developers to enforce and collect on its judgment." Developers' Opp., [ECF No. 34 at 2 n.1]. Defendant correctly objects that Developers' subpoena – issued on March 22, 2017 – violates the 14-day automatic stay provision of Federal Rule of Civil Procedure 62. Fed. R. Civ. P. 62(a). *See* Def.'s Mot., [ECF No. 33, 1 & 33-1]. On the other hand, Defendant failed to confer with opposing counsel prior to filing the instant Motion, as mandated by both the Federal Rules of Civil Procedure and Local Rules – Defendant's "particular and specific instructions" to Defendant's counsel notwithstanding. Def.'s Reply, [ECF No. 35, 2]. *See* Fed. R. Civ. P. 26(c)(1); Loc. R. 104 (D. Md. 2016). Nor do communications between the parties after the Motion was filed cure this deficiency. *See* Def.'s Reply, [ECF No. 35, 2]. In short, both sides failed to comport with the ground rules of post-judgment proceedings.

  The Court will not address Defendant's substantive objections to the deadline, scope, and nature of Developers' document requests until the parties themselves attempt to resolve this

---

[1] Defendant Lester J. Belcher, Jr.'s Motion to Alter or Amend Judgment (ECF No. 36) challenging my Memorandum Opinion and Order granting judgment in favor of Developers (ECF Nos. 31, 32) will be the subject of a future opinion and order.

dispute. Accordingly, I order the parties to confer regarding Defendant's desired modification to the current subpoena deadline and the document requests, and update the Court with the outcome of these conferral efforts in writing, no later than **Monday, April 10, 2017.**

    Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

                          Sincerely yours,

                            /s/

                          Stephanie A. Gallagher
                          United States Magistrate Judge